UNITED STATES of AMERICA
U.S. DISTRICT COURT -- EASTERN DISTRICT OF MICHIGAN

NICOLE YUE,

    Plaintiff,                                   DEMAND FOR JURY TRIAL

-vs-                                           Case No.
                                               Hon.

GC SERVICES LIMITED PARTNERSHIP, and
NCB MANAGEMENT SERVICES, INC.,

    Defendants.

## COMPLAINT & JURY DEMAND

### Introduction

1. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### Jurisdiction

2. This court has federal question jurisdiction under the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331, 1337.

3. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

### Parties

4. The Plaintiff to this lawsuit resides in Warren, Michigan in Macomb County.

5. GC Services Limited Partnership, ("GCSLP") is a corporation doing business in Michigan.

6. NCB Management Services, Inc. ("NCBMSI") is a corporation doing business in Michigan

## Venue

7. The transactions and occurrences which give rise to this action occurred in Macomb County.

8. Venue is proper in the Eastern District of Michigan.

## General Allegations

9. On or about March 29, 2012, at approximately 9:54 am, GCSLP, in an attempt to collect a debt, contacted the Plaintiff by phone and left a recorded message; the recorded message failed to notify Ms. Yue that the message was from a debt collector or that the message was an attempt to collect a debt or that any information obtained would be used for the purpose of debt collection, all in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692e(11).  This phone message instructed Ms. Yue to call (800) 817-5539 extension 073.

10. On or about May 14, 2012, at approximately 12:49 pm, GCSLP, in an attempt to collect a debt, contacted the Plaintiff by phone and left a recorded message; the recorded message failed to notify Ms. Yue that the message was from a debt collector or that the message was an attempt to collect a debt or that any information obtained would be used for the purpose of debt collection, all in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692e(11).  This phone message instructed Ms. Yue to call (602) 674-1566.

11. On or about May 15, 2012, at approximately 9:27 am, GCSLP, in an attempt to collect a debt, contacted the Plaintiff by phone and left a recorded message; the recorded message failed to notify Ms. Yue that the message was from a debt collector or that the message was an attempt to collect a debt or that any information obtained would be used for the purpose of debt collection, all in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692e(11). This phone message instructed Ms. Yue to call (866) 749-7276 x6136.

12. On or about April 24, 2012, at approximately 6:04 pm, NCBMSI, in an attempt to collect a debt, contacted the Plaintiff by phone and left a recorded message; the recorded message failed to notify Ms. Yue that the message was from a debt collector or that the message was an attempt to collect a debt or that any information obtained would be used for the purpose of debt collection, all in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692e(11). This phone message instructed Ms. Yue to call (800) 828-1110, extension 1729.

13. On or about April 28, 2012, at approximately 10:49 am, NCBMSI, in an attempt to collect a debt, contacted the Plaintiff by phone and left a recorded message; the recorded message failed to notify Ms. Yue that the message was from a debt collector or that the message was an attempt to collect a debt or that any information obtained would be used for the purpose of debt collection, all in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692e(11). This phone message instructed Ms. Yue to call (800) 828-1110, extension 1729.

14. On or about May 2, 2012, at approximately 4:10 pm, NCBMSI, in an attempt to collect a debt, contacted the Plaintiff by phone and left a recorded message; the recorded message failed to notify Ms. Yue that the message was from a debt collector or that the message was an attempt to collect a debt or that any information obtained would be used for the purpose of debt collection, all in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692e(11). This phone message instructed Ms. Yue to call (800) 828-1110, extension 1729.

15. On or about May 9, 2012, at approximately 10:37 am, NCBMSI, in an attempt to collect a debt, contacted the Plaintiff by phone and left a recorded message; the recorded message failed to notify Ms. Yue that the message was from a debt collector or that the message was an attempt to collect a debt or that any information obtained would be used for the purpose of debt collection, all in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692e(11). This phone message instructed Ms. Yue to call (800) 828-1110, extension 1729.

16. On or about May 12, 2012, at approximately 8:34 am, NCBMSI, in an attempt to collect a debt, contacted the Plaintiff by phone and left a recorded message; the recorded message failed to notify Ms. Yue that the message was from a debt collector or that the message was an attempt to collect a debt or that any information obtained would be used for the purpose of debt collection, all in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692e(11). This phone message instructed Ms. Yue to call (800) 828-1110, extension 1729.

17. On or about May 15, 2012, at approximately 10:52 am, NCBMSI, in an attempt to collect a debt, contacted the Plaintiff by phone and left a recorded message; the recorded message failed to notify Ms. Yue that the message was from a debt collector or that the message was an attempt to collect a debt or that any information obtained would be used for the purpose of debt collection, all in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692e(11). This phone message instructed Ms. Yue to call (800) 828-1110, extension 1729.

### COUNT I – Fair Debt Collection Practices Act (GCSLP)

18. Ms. Yue incorporates the preceding allegations by reference.

19. At all relevant times GCSLP – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

20. GCSLP is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

21. GCSLP's foregoing acts in attempting to collect this alleged debt against Ms. Yue constitute violations of the FDCPA.

22. Ms. Yue has suffered damages as a result of these violations of the FDCPA.

### COUNT II – Michigan Occupational Code (GCSLP)

23. Ms. Yue incorporates the preceding allegations by reference.

24. GCSLP is a "collection agency" as that term is defined in the Michigan Occupational Code, M.C.L. § 339.901(b).

25. Ms. Yue is a debtor as that term is defined in M.C.L. § 339.901(f).

26. GCSLP's foregoing acts in attempting to collect this alleged debt against Ms. Yue constitute violations of the Occupational Code.

27. Ms. Yue has suffered damages as a result of these violations of the Michigan Occupational Code.

### COUNT III – Fair Debt Collection Practices Act (NCBMSI)

28. Ms. Yue incorporates the preceding allegations by reference.

29. At all relevant times NCBMSI – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

30. NCBMSI is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

31. NCBMSI's foregoing acts in attempting to collect this alleged debt against Ms. Yue constitute violations of the FDCPA.

32. Ms. Yue has suffered damages as a result of these violations of the FDCPA.

### COUNT IV – Michigan Occupational Code (NCBMSI)

33. Ms. Yue incorporates the preceding allegations by reference.

34. NCBMSI is a "collection agency" as that term is defined in the Michigan Occupational Code, M.C.L. § 339.901(b).

35. Ms. Yue is a debtor as that term is defined in M.C.L. § 339.901(f).

36. NCBMSI's foregoing acts in attempting to collect this alleged debt against Ms. Yue constitute violations of the Occupational Code.

37. Ms. Yue has suffered damages as a result of these violations of the Michigan Occupational Code.

## Demand for Jury Trial

38. Plaintiff demands trial by jury in this action.

## Demand For Judgment for Relief

*ACCORDINGLY, Ms. Yue requests that the Court:*

a. Assume jurisdiction over all claims;

b. Award actual damages.

c. Award statutory damages.

d. Award punitive damages.

e. Award statutory costs and attorney fees.

        Respectfully Submitted,

        ADAM G. TAUB & ASSOCIATES
        CONSUMER LAW GROUP, PLC

        By:    s/ Adam G. Taub
                  Adam G. Taub (P48703)
                  Attorney for Nicole Yue
                  17200 West 10 Mile Rd. Suite 200
                  Southfield, MI 48075
                  Phone:  (248) 746-3790
                  Email:   adamgtaub@clgplc.net

Dated: June 15, 2012